UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| S. N. H., <br><br> Petitioner, <br><br> v. <br><br> BRIAN ENGLISH, TODD M. LYONS, KRISTI NOEM, PAMELA BONDI, and SAMUEL OLSON, <br><br> Respondents. | CAUSE NO. 3:25cv993 DRL-SJF |

ORDER TO SHOW CAUSE

S.N.H., an immigration detainee by counsel, filed a petition under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. S.N.H. alleges he is a 32-year-old citizen of Pakistan who came to the United States to seek asylum based on persecution and violent attacks he faced in Pakistan for converting to and practicing his religion as a Shia Muslim. He arrived at the southern border of the United States on June 6, 2023, and the Department of Homeland Security (DHS) detained him between ports of entry. He was served with a notice to appear at Hartford, Connecticut immigration court on May 1, 2024, and was released that same day. S.N.H. moved to New York, New York. Before his scheduled court date, DHS summoned S.N.H. to the Immigration and Customs Enforcement (ICE) office in New York on April 16, 2024, where he was questioned and detained under 8 U.S.C. § 1226(a).

Since his detention, S.N.H. has had three immigration court custody redeterminations, also known as bond hearings. At the first hearing on August 28, 2024, the immigration judge denied him bond, finding that S.N.H. had not met his burden to show that he did not present a danger to the community. At the second bond hearing

on May 29, 2025, the immigration judge found there was a change in circumstances and deemed S.N.H. eligible for bond. The immigration judge ordered that he be released on a $4,500 bond. However, when S.N.H. attempted to post bond, ICE refused to accept it or release him. After S.N.H.'s attempt to post bond, DHS appealed the bond order to the Board of Immigration Appeals (BIA) and obtained a discretionary stay of the bond order from the BIA under 8 C.F.R. § 1003.19(i)(1).

The BIA remanded the case to the immigration judge for a new bond hearing to consider new developments in S.N.H.'s underlying immigration proceedings. At the third bond hearing on September 2, 2025, the immigration judge found that S.N.H. did not pose a danger to the community or present a flight risk. The immigration judge ordered him released on bond, but increased the bond to $20,000, based on recent decisions in the underlying immigration proceedings that were unfavorable to S.N.H. The next morning, DHS appealed the bond decision and filed a Form EOIR-43, invoking the automatic stay provision in 8 C.F.R. § 1003.19(i)(2). DHS's appeal of the immigration judge's second bond grant is still awaiting a briefing schedule from the BIA. S.N.H. argues that the automatic stay provision, which allows for an automatic stay of his release on bond without consideration of his individualized circumstances or any way to appeal the stay, violates his due process rights and is *ultra vires* to the Immigration and Naturalization Act (INA).

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the

2

Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, review is limited to the issue whether S.N.H.'s current detention is unlawful. Therefore, the court will order a response to the petition.

In addition, S.N.H. filed a motion for a temporary restraining order and preliminary injunction, asking the court to order his immediate release and enjoining the respondents from continuing to detain him or seek to remove him during the pendency of this petition. ECF 2. To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In general, the purpose of a preliminary injunction is to preserve the *status quo* pending final resolution of the case on the merits. *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). The court will not issue an order for his release without a response from the government, given the deference owed the government's interest in immigration enforcement. And because the issue in the preliminary injunction motion is the same as the one in the habeas petition, ordering briefing on the preliminary injunction motion will only duplicate and delay briefing and a decision on the habeas petition. Therefore, a preliminary injunction here is not in the public interest.

Finally, S.N.H. moves for leave to be identified solely by his initials in this case. "The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). That is because "[j]udicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior

of . . . those who call on the large subsidy of the legal system." *Id.* Nevertheless, the court has "discretion to permit pseudonymous litigation when the balance of harms justifies it." *Doe v. Young*, 2025 U.S. App. LEXIS 7339, 5 (7th Cir. Mar. 27, 2025). "Anonymity can be justified by a minor's status, a substantial risk of harm, or improper retaliation from a third party." *Id.* The court must engage in "the careful and demanding balancing of interests" in deciding whether to allow a petitioner to proceed anonymously. *Trs. of Indiana Univ.*, 101 F.4th at 492.

S.N.H. points to the fact that his petition and supporting documentation contain highly personal information about his mental health, as well as difficulties he experienced in DHS custody and in Pakistan. He argues that requiring him to disclose his name in the public record would "expose him to needless stigmatization, exacerbate his mental illness, and endanger his life and safety." A mere desire to avoid social stigma or embarrassment is not a sufficient basis to permit a party to proceed anonymously. *See id.*; *see also Doe,* 2025 U.S. App. LEXIS 7339 at 7.

At the same time, S.N.H.'s filings also describe incidents in which he was physically harmed by extremists, and he expresses a continued fear of retaliation in his home country due to his religious conversion. His filings also contain information about his contact with two individuals whom federal law enforcement authorities have identified as being linked to a terrorist group. Disclosure of information about his contact with these individuals, and statements he made about the contact, could put him at risk of retaliation by the group. Under these circumstances, the court finds sufficient grounds to permit him to proceed anonymously. *P.A.-V. v. Bondi*, 148 F.4th

4

511, 515 n.1 (7th Cir. 2025) (granting petitioner's motion to proceed under a pseudonym and observing that "fear of retaliatory acts of violence. . . renders anonymous litigation prudent"); *E.F.L. v. Prim*, 986 F.3d 959, 961 (7th Cir. 2021) (granting petitioner's motion to proceed under a pseudonym due to her "allegations of domestic abuse and her fear of retaliation"); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (petitioner permitted to litigate under a pseudonym due to fear of violence in home country).

For these reasons, the court:

(1) GRANTS the motion to seal and proceed under pseudonym (ECF 4), ORDERS the parties to refer to the petitioner by S.N.H., and not his full name, and ORDERS S.N.H. to file an unredacted habeas petition (without exhibits) under seal by **December 5, 2025**;

(2) DENIES the motion for a preliminary injunction and temporary restraining order (ECF 2);

(3) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Acting Director of the United States Immigration and Customs Enforcement (ICE) at the Office of the Principal Legal Advisor; (d) the Director of the Chicago ICE Field Office at the Office of the Principal Legal Advisor; (e) the Secretary of Homeland Security at the Office of the General Counsel and (f) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) ORDERS the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) ORDERS respondents to file a response to the petition by **December 9, 2025**, with the reply due **December 16, 2025**.

SO ORDERED.

December 2, 2025                                 *s/ Damon R. Leichty*
                                                 Judge, United States District Court