UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

S.N.H.,

    Petitioner,

v.

BRIAN ENGLISH, TODD M. LYONS,
KRISTI NOEM, PAMELA BONDI, and
SAMUEL OLSON,

    Respondents.

CAUSE NO. 3:25-CV-993 DRL-SJF

OPINION AND ORDER

Immigration detainee S.N.H., allowed to proceed pseudonymously by counsel, filed a petition under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The respondents answered the petition, and S.N.H. replied. The petition is ready to be decided.

S.N.H. is a 32-year-old citizen of Pakistan who arrived at the southern border of the United States on June 6, 2023, hoping to seek asylum. He was detained by the United States Department of Homeland Security (DHS) between ports of entry. He was served with a notice to appeal and was released that same day. Before his scheduled court date, DHS summoned him to the United States Immigration and Customs Enforcement (ICE) office in New York on April 16, 2024. He was detained that day.

S.N.H.'s immigration case has a complicated procedural history, which is not relevant to this petition. What is relevant is that on September 2, 2025, an immigration judge ordered S.N.H. released from detention on a $20,000 bond, finding that he did not pose a

danger to the community or present a flight risk. The next morning, DHS appealed the bond decision and filed Form EOIR-43, invoking an automatic stay under 8 C.F.R. § 1003.19(i)(2). S.N.H. argues that an automatic stay of his release on bond, without consideration of his individualized circumstances or any way for him to appeal the stay, violates his due process rights and is *ultra vires* under the Immigration and Nationality Act (INA).

In answer to the petition, respondents raise jurisdictional concerns—unsurprising because the INA has several jurisdictional stripping provisions that courts must grapple with when dealing with immigration habeas petitions. On the merits, respondents argue that S.N.H.'s detention is valid based on a Board of Immigration Appeals (BIA) decision that came out after the bond hearing, which held that all noncitizens present in the United States without having been admitted were subject to mandatory detention under 8 U.S.C. § 1225(b)(2) while removal proceedings were ongoing. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025). Therefore, regardless of the bond determination, they argue that S.N.H. is validly detained as an "applicant for admission" under 8 U.S.C. § 1225(b)(2) while his removal proceedings are ongoing. Finally, respondents argue that the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) is a valid exercise of DHS's discretion.

In looking first at jurisdiction, as the court must, the respondents rely on the same arguments that have been considered and rejected before as to whether § 1225(b)(2) applies to a particular petitioner. The court adopts the same reasoning here, finds that it has jurisdiction over the petition, and concludes that § 1225(b)(2) does not apply to S.N.H. *See De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.); *see also Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23,

2

2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *see generally Castanon-Nava v. U.S. Dep't of Homeland Sec.*, __ F.4th __, No. 25-3050, 2025 WL 3552514, 8-10 (7th Cir. Dec. 11, 2025) (concluding on application for a stay pending appeal that government was not likely to succeed on the merits of their argument that mandatory detention provision § 1225(b)(2)(A) applies to plaintiffs, who were noncitizens who had not been admitted and who were arrested by ICE without a warrant in the interior of the United States).

The court would then turn to the validity of the automatic stay provision under 8 C.F.R. § 1003.19, but the automatic stay period has ended for S.N.H., so the court need not reach what appears to be a moot point. The respondents do not argue the stay has been extended.

When the government appeals an immigration judge's bond order, 8 C.F.R. § 1003.19(i) has two provisions to allow a stay of the bond decision and keep the noncitizen detained. First, the BIA may grant a discretionary stay on its own motion or on motion by the government. *See* 8 C.F.R. § 1003.19(i)(1). Second, the regulation also allows for an automatic stay:

> In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR–43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board. The decision whether or not to file Form EOIR–43 is subject to the discretion of the Secretary.

8 C.F.R. § 1003.19(i)(2). The automatic stay, in turn, is further governed by 8 C.F.R. § 1003.6(c). As relevant to S.N.H.'s case, when "the Board has not acted on the custody appeal, the automatic stay shall lapse 90 days after the filing of the notice of appeal." 8 C.F.R. § 1003.6(c)(4). If the BIA does not issue a decision within these 90 days, "DHS may submit a motion for discretionary stay at any time after the filing of its notice of appeal of the custody decision, and at a reasonable time before the expiration of the period of the automatic stay[.]" 8 C.F.R. § 1003.6(c)(5).

Here, the record does not reflect the date DHS filed its notice of appeal, but it had to be within 10 business days of its September 3, 2025 notice expressing the intent to appeal a custody redetermination, which triggered the automatic stay. *See* 8 C.F.R. § 1003.6(c)(1) Therefore, the appeal was filed at the latest on September 17, 2025, which means the 90-day automatic stay expired at the latest on December 16, 2025. Neither party represents that DHS took further action to extend the stay, so the court finds the automatic stay has expired and S.N.H. must be allowed to post bond in accordance with the immigration judge's September 2, 2025 determination.

For these reasons, the court GRANTS IN PART the petition for a writ of habeas corpus and ORDERS respondents to immediately allow for S.N.H. to post bond, in accordance with the immigration judge's September 2, 2025 order. The court further ORDERS S.N.H. to file a notice with the court when he has posted bond and respondents to certify compliance with this order by filing a notice with the court within 24 hours of when S.N.H. posts bond. The court DIRECTS the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of

4

Correction to secure his release upon the posting of bond. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED.

December 30, 2025            *s/ Damon R. Leichty*
                             Judge, United States District Court